IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| APICAL BIOTEK, LLC, JUSTIN GIVENS,<br><br>Plaintiffs,<br><br>vs.<br><br>MAITRI HOLDINGS, LLC, MAITRI GENETICS, LLC, MAITRI MANAGEMENT, LLC, MAITRI MEDICINALS, LLC,<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:22-CV-01737-MJH |

OPINION

Plaintiffs, Apical Biotek, LLC and Justin Givens, brought the within action for Trade Secret Misappropriation under the federal Defend Trade Secrets Act (Count I) and the Pennsylvania Uniform Trade Secrets Act (Count II), Breach of Contract (Count III), Conversion of Confidential Information (Count IV), and Unjust Enrichment (Count V) against Defendants, Maitri Holdings, LLC, Maitri Genetics, LLC, Maitri Management, LLC, and Maitri Medicinals (collectively "Maitri"). (ECF No. 1).

On February 6, 2025, this Court denied Plaintiffs' Motion for Partial Summary Judgment, granted Maitri's Motion for Summary Judgment, and entered judgment in Defendants' favor. (ECF Nos. 60 and 61). In that decision, the Court dismissed all Counts including the only federal statutory count pursuant to the Defend Trade Secrets Act (Count I). *Id*. Plaintiffs appealed the Court's grant of Defendants' motion for summary judgment on their breach of contract and unjust enrichment claims only. *Apical Biotek, LLC v. Maitri Holdings, LLC*, 25-1396, 2026 WL 177927, at *1 (3d Cir. Jan. 22, 2026). The Third Circuit vacated and remanded, "[b]ecause the factual issue of whether the contract provided for a transaction that

would be illegal under federal law remains unresolved, we will remand to the District Court to conduct factfinding on that issue and evaluate the consequences thereof, namely, whether this contract is unenforceable by federal courts." *Id*. at *2. Following remand, the Court notes that the basis for subject matter jurisdiction, via a federal question under the DefendTrade Secrets Act, is no longer in the case. Accordingly, the Court will, *sua sponte*, evaluate any other jurisdictional basis for subject matter jurisdiction. In their Complaint (ECF No. 1), Plaintiffs asserted that this Court had diversity jurisdiction. *Id*. at ¶ 7.

The Court has a "continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding." *Pennsylvania v. Thomas E. Proctor Heirs Tr.*, --- F.4th ---, No. 22-1587, 2026 WL 2209403, at *3 (3d Cir. July 31, 2026) (quoting *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869 (3d Cir. 2022)). "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." For over two hundred years, the statute has been understood as requiring "complete diversity between all plaintiffs and all defendants," even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant."

Although challenges to subject-matter jurisdiction may be raised at any time, whether diversity exists is determined by the citizenship of the parties at the time the action is filed. *See Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570–71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). The citizenship of an unincorporated association, such as a limited liability company or LLC, is determined by the citizenship of its partners or members. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015).

Here, at the time the action was filed, Plaintiffs pleaded that both Apical and Mr. Givens were citizens of California. (ECF No. 1 at ¶¶ 1-2). While Plaintiffs pleaded that all four named Defendants maintained principal places of business in Pennsylvania (*Id*. at ¶¶ 3-6), the proper test of defendant LLC's citizenship is determined by the citizenship of their members. In their Fed. R. Civ. 7.1 Disclosure statement, Defendants asserted that its members had citizenship in thirteen states, including California. (ECF No. 6). Therefore, at the time that Plaintiffs initiated this action, there were citizens of California on both sides of the controversy. Thus, complete diversity did not exist at the time of filing and cannot serve as a basis of subject matter jurisdiction.

Accordingly, since the Defend Trade Secrets Act has been dismissed and there is no diversity jurisdiction, with only the state law breach of contract and unjust enrichment claims remaining, there exists no federal question or diversity of parties to support subject matter jurisdiction. The Court could continue its jurisdiction over the state law claims through supplemental jurisdiction, but 28 U.S.C. § 1367(c)(3) "permits a district court to decline the exercise of supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). The Third Circuit has held that district courts "'*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Barraclough v. Animal Friends, Inc.*, No. 23-3157, 2024 WL 4867068, at *3 (3d Cir. Nov. 22, 2024) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis added by *Barraclough* court) (other citation omitted)).

Here, while this case has had a long history in federal court, the unique posture of the Third Circuit's mandate, vis-à-vis enforcement by federal courts of contracts that could violate

federal law, makes dismissal on jurisdictional grounds prudent. With dismissal, the parties can develop these issues in state court without the impediments placed upon this Court vis-à-vis the legality question and enforceability of contract actions involving marijuana under federal law. Accordingly, the Court will decline supplemental jurisdiction and will *sua sponte* dismiss the case under Fed. R. Civ. P. 12(b)(1).

A separate order will follow.

Dated: October 26, 2026

Marilyn J. Horan
United States District Judge